UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 09-13530 |
| JAMES C. JONES and<br>KEYONA A. JONES, | Chapter 13 |
| | Judge Pat E. Morgenstern-Clarren |
| Debtors. | |
| JAMES C. JONES, et al., | Adversary Proceeding No. 10-1042 |
| Plaintiffs, | |
| v. | **MEMORANDUM OF OPINION<br>AND ORDER**[1] |
| FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION, et al., | |
| Defendants. | |

Two entities, Federal National Mortgage Association (FNMA) and "First Franklin Financial Corporation a/k/a FFFC, a former subsidiary of National City Bank of Indiana," move to dismiss the amended complaint.[2] The plaintiff-debtors oppose the motion.[3] For the reasons stated below, the motion to dismiss is denied.

---

[1] This opinion is not intended for commercial publication, either in print or electronically.

[2] Docket 34, 43. While FNMA is a named defendant, the name of the second movant does not correlate exactly to any named defendant.

[3] Docket 42.

## THE AMENDED COMPLAINT

This action centers on the debtors' residence at 5532 Dalewood Avenue, Maple Heights, Ohio (the property). The debtors ask in their amended complaint that: (1) the named defendants be required to prove their claim to an interest in the property or be barred from doing so in the future; (2) the defendants' claims in the chapter 13 case be disallowed; and (3) liens (other than those held by the State of Ohio, Department of Taxation and the Cuyahoga County treasurer) be removed from the property. These ten entities are named as defendants: (1) FNMA; (2) National City Bank; (3) First Franklin Financial Corporation; (4) First Franklin Financial Corporation, subsidiary of National City Bank of Indiana; (5) First Franklin Financial, a division of National City Bank of Indiana;[4] (6) Palisades Acquisition XVI, LLC; (7) Asset Acceptance LLC; (8) James Rokakis, treasurer; (9) State of Ohio, Department of Taxation; and (10) FFFC f/k/a First Franklin Corp. wholly owned operating subsidiary of National City Bank of Indiana.

The amended complaint includes extensive factual allegations regarding the property and the liens on it, including these: The debtors signed two notes secured by mortgages on the property.[5] The first note in the principal amount of $77,200.00 is payable to "First Franklin Financial Corp., subsidiary of National City Bank of Indiana," and that entity is the mortgagee on

---

[4] This entity is named twice as a defendant, with different addresses being the only apparent difference.

[5] The notes and mortgages are not attached to the amended complaint. Rule 12 provides that a 12(b)(6) motion must be treated as one for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." That is not necessary in this case, however, because the notes and mortgages are referred to in the complaint and may be considered part of the pleadings. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

the related mortgage.[6] The second note in the principal amount of $19,300.00 is payable to "First Franklin Financial, a division of National City Bank of Indiana," and that entity is the mortgagee on the related mortgage.[7]

The debtors essentially allege that the notes were not endorsed according to law and that the mortgages were not assigned according to law, leading to the conclusion that the notes and mortgages cannot be enforced by any of the defendants. Specifically, the debtors maintain that the first note which was payable to First Franklin Financial Corp., subsidiary of National City Bank of Indiana was endorsed not by that entity but by First Franklin Financial Corporation. They also allege that the mortgage assignments were executed without proper authority, rendering those assignments ineffective.

With respect to the second note, the debtors allege that the note is payable to First Franklin Financial, a division of National City Bank of Indiana, but the endorsement was executed by First Franklin Financial Corp. They also allege facts to suggest that the assignment of that mortgage to National City Bank is fraudulent.

In addition to the allegations regarding the endorsements of the two notes and the mortgage assignments, the debtors allege facts regarding the two proof of claims filed in the case related to the two notes, their objections to the two claims, and their bankruptcy filing and chapter 13 plan. The debtors ask that the claims be disallowed.

## THE STATE COURT FORECLOSURE ACTION

On February 20, 2009, FNMA filed a foreclosure action against the debtors in the Common Pleas Court for Cuyahoga County, Ohio (*Federal National Mortgage Association vs.*

---

[6] Exhibits A and B, motion to dismiss, docket 34.

[7] Exhibits E and F, motion to dismiss, docket 34.

*Keyona Jones, et al.*, case no. CV-09-685418) seeking to enforce the first note and mortgage. FNMA also named as defendants Asset Acceptance LLC, First Franklin Financial, a division of National City Bank of Indiana, and Palisades Acquisition XVI, LLC. The (now-debtor) defendants moved to dismiss the complaint. The state court denied the debtors' motion through a journal entry that stated in its entirety: "Defendants' motion to dismiss complaint is denied. Plaintiff is the holder of the note and mortgage."[8] The state court judge did not designate this decision as a final judgment and the decision did not resolve the foreclosure action; it is, therefore, an interlocutory order. *See* OHIO R. CIV. P. 54(B); *see also Sudan, Inc. v. Village of Chagrin Falls*, 577 N.E.2d 1160, 1164 (Ohio Ct. App. 1989) (deeming denial of motion to dismiss interlocutory). The debtors filed their chapter 13 case on April 24, 2009. That filing stayed further proceedings in the state court.

## DISCUSSION

### 1. Rule 12(b)(6): Dismissal Based on Failure to State a Claim

Movants argue that the amended complaint should be dismissed as against "First Franklin Financial Corp. a/k/a FFFC, a former subsidiary of National City Bank of Indiana" under Rule 12(b)(6) on the grounds that the complaint does not state a legal theory of liability against that entity and the debtors admit that they signed the original notes and mortgages. *See* FED. R. CIV. P. 12(b) (made applicable by FED. R. BANKR. P. 7012(b)). They argue further that First Franklin Financial Corp. was named as an adversary proceeding defendant under these additional names: First Franklin Financial Corporation; First Franklin Financial Corp., subsidiary of National City Bank of Indiana; First Franklin Financial, a division of National City Bank of Indiana; and FFFC

---

[8] Exh. I to Motion to dismiss, docket 34.

f/k/a First Franklin Corp., wholly owned operating subsidiary of National City Bank of Indiana, and that these defendants have not attempted to enforce the mortgages, to collect on the notes, and have not taken a position adverse to the debtors' interest in the property.[9] The debtors' brief in opposition does not address the Rule 12(b)(6) issue.

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). The Sixth Circuit recently discussed the standard for addressing a Rule 12(b)(6) motion:

> Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *id.*, and to "state a claim to relief that is plausible on its face," *id*. at 570, 127 S.Ct. 1955; *see also Ashcroft v. Iqbal*, – U.S. – , – - – , 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. And although we must accept all well-pleaded factual allegations in the complaint as true, we need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)); *see also Iqbal*, 129 S.Ct. at 1949.

*Hensley Mfg. v. Propride Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (footnote omitted).

---

[9] The analysis is complicated by the fact that the moving entity is not a named defendant. Additionally, a motion to dismiss the original complaint was filed by FNMA, National City Bank, First Franklin Financial a division of National City Bank, and First Franklin Financial Corporation. (Docket 12). For purposes of this motion, the court does not need to sort out these discrepancies.

Although the amended complaint does not directly state that declaratory relief is being requested, the pleading certainly requests such relief and asks for a determination that the named parties do not have an interest in the property under the facts alleged and do not have claims in the chapter 13 case. *See* 28 U.S.C. § 2201(a) (providing that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought"). The amended complaint alleges facts regarding the note endorsements and mortgage assignments which, if accepted as true, are sufficient to state a plausible claim that this movant does not have a lien of the property and is not entitled to enforce the note. The motion to dismiss depends in large part on the movants' re-characterization of the facts, including assertions in their motion that First Franklin Financial Corp. was named as a defendant under different names and is no longer a subsidiary of National City Bank of Indiana. At this point in the proceedings, however, the debtors' allegations must be accepted as true. The motion to dismiss under Rule 12(b)(6) is denied.

### 2. Rule 12(b)(1): Dismissal Based on Lack of Subject Matter Jurisdiction

Federal Civil Rule 12(b)(1) provides that a complaint may be dismissed when the court lacks subject matter jurisdiction. When a defendant moves to dismiss for lack of such jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Davis v. United States,* 499 F.3d 590, 594 (6th Cir. 2007) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). Movants argue that the *Rooker-Feldman* doctrine deprives this court of jurisdiction to hear the debtors' claims as to FNMA. The debtors argue that the doctrine does not apply to the facts of this case.

The *Rooker-Feldman* doctrine is based on two Supreme Court decisions interpreting 28 U.S.C. § 1257(a): *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Section 1257(a) states that a final judgment of the highest court of a state may be reviewed by the United States Supreme Court by writ of certiorari. Lower federal courts interpreted the *Rooker* and *Feldman* cases together over the years in what came to be called the *Rooker-Feldman* doctrine. Stated very generally, the courts started with the premise that if the Supreme Court has jurisdiction to review a final state judgment, the lower federal courts conversely do not have that jurisdiction. From there, the doctrine grew to support the conclusion that federal courts lacked subject matter jurisdiction under many different fact patterns where one of the parties had initiated a state court proceeding on the same or related subject matter and/or had obtained a state court judgment on the same or related subject matter.

Recently, however, the Supreme Court discussed, interpreted, and limited the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Going back to the doctrine's roots, the Supreme Court stated that the doctrine "is based on the negative inference that, if appellate court review of such state judgments is vested in the Supreme Court, then it follows that such review may not be had in the lower federal courts." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2009) (citing *Exxon Mobil Corp.*, 544 U.S. at 283-84). Stated differently, "[a]ppellate review—the type of judicial action barred by *Rooker-Feldman*—consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). The Sixth Circuit determined pre-*Exxon Mobil* that the doctrine applies to interlocutory orders

7

and judgments of lower state courts.[10] *Pieper v. Am. Arbitration Assoc., Inc.*, 336 F.3d 458, 462 (6th Cir. 2003).

The movants argue here that the state court order denying the debtors' motion to dismiss the foreclosure action bars this court from considering the debtors' allegations against FNMA in the adversary proceeding under *Rooker-Feldman*. This position overstates the bounds of the *Rooker-Feldman* doctrine as interpreted by the Supreme Court. After *Exxon Mobil*, the critical inquiry is the source of the injury which the plaintiff alleges in the federal complaint. *Kovacic v. Cuyahoga County Dep't of Children and Family Servs.*, No. 08-4656, slip op. at 12 (6th Cir. May 26, 2010) (recommended for publication) (citing *McCormick v. Braverman*, 451 F.3d 382, 394-95 (6th Cir. 2006)). If the state court decision is the source of the injury, the doctrine bars jurisdiction in this court. *Id.* at 13. If, on the other hand, "the plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached . . . then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Exxon Mobil Corp.*, 544 U.S. at 293 (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

The state court defendants, here the debtor-plaintiffs, filed a motion to dismiss the foreclosure action. The state court issued a limited decision, denying the motion. Under Ohio law, the state court was required to deny the motion unless it "appear[ed] beyond doubt from the

---

[10] The Sixth Circuit has not addressed the issue of whether the doctrine applies to interlocutory orders after *Exxon Mobil*. Other circuit courts to do so have focused on the statement in *Exxon Mobil* that the doctrine applies after "the state court proceedings ended," finding that language to be a stumbling block to applying the doctrine to interlocutory orders. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 89 (2d Cir. 2005) (noting that federal suits challenging interlocutory state judgments may present difficult questions regarding whether the state proceedings have ended within the meaning of *Rooker-Feldman*); *Truserv Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005) (stating that "an interlocutory ruling does not evoke the doctrine or preclude federal jurisdiction").

8

10-01042-pmc    Doc 48    FILED 05/26/10    ENTERED 05/26/10 14:31:28    Page 8 of 10

complaint that the [debtors' purported lender] [could] prove no set of facts entitling [it] to recovery." *O'Brien v. Univ. Cmty. Tenants Union, Inc.*, 327 N.E.2d 753, syllabus (Ohio 1975). For purposes of deciding the motion, the state "court '[was required to] presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party.'" *Estate of Ridley v. Hamilton County Bd. of Mental Retardation and Developmental Disabilities*, 809 N.E.2d 2, 6 (Ohio 2004) (quoting *Mitchell v. Lawson Milk Co.*, 532 N.E.2d 753 (Ohio 1988)). *See also State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 844 N.E.2d 1199, 1200-01 (Ohio 2006) (stating generally, an order denying a motion to dismiss just tests the sufficiency of the allegations in the complaint). Presumably applying the requisite standard, the state court denied the motion to dismiss the foreclosure complaint.

The doctrine does not bar the debtors from going forward in this court under the facts presented. As discussed above, *Rooker-Feldman* is intended to bar a federal court from reviewing and reassessing a state court decision. The only state court decision here was that the state court complaint in foreclosure stated enough of a claim to survive the debtors' motion to dismiss and that the foreclosure action could proceed. The state court's decision is not the source of the injury complained of in this proceeding and this court is not being asked to decide whether the state court correctly decided the motion to dismiss. In fact, whether the state court complaint states a claim is irrelevant to the issues raised in this proceeding. The *Rooker-Feldman* doctrine does not, therefore, apply to deprive this court of subject matter jurisdiction.

As *Rooker-Feldman* does not bar jurisdiction and because this adversary proceeding is within this court's jurisdiction under 28 U.S.C. § 1334, the motion to dismiss for lack of subject matter jurisdiction is denied.

## **CONCLUSION**

For the reasons stated, the motion to dismiss is denied.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

10

10-01042-pmc    Doc 48    FILED 05/26/10    ENTERED 05/26/10 14:31:28    Page 10 of 10